**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DALTON ENRIQUE ROMERO CUERO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-12399 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Dalton Enrique Romero Cuero, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Ecuador who entered the United States in 2024. (ECF No. 5-1 at 2).

3. He was briefly detained by the Border Patrol on February 7, 2024 but was released on his own recognizance and served with a Notice to Appear on February 8, 2024. (*Id.* at 3).

4. Petitioner was detained by ICE on September 20, 2026 pursuant to a warrant. (*Id.*; ECF No. 5-2 at 2).

5. That same day, ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner was to be detained. (ECF No. 5-3 at 2). Petitioner requested a review of that determination by an immigration judge. (*Id.*)

6. This Petition followed on September 21, 2026. (ECF No. 1). Petitioner argues that he was illegally detained pursuant to 8 U.S.C. § 1225(b)(2) and arrested without a warrant. (*Id.* ¶¶ 51-55).

7. Respondents filed an answer on September 28, 2026 stating that Petitioner was being detained pursuant to § 1226(a) and may request a bond hearing. (ECF No. 5 at 2).

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Petitioner asserts that he was never provided with a warrant for his arrest. (ECF No. 1 at 10).

11. A Notice to Appear was issued to Petitioner on February 8, 2024. (ECF No. 5-1 at 3). A warrant citing the pendency of removal proceedings was issued for Petitioner's arrest on September 20, 2026. (ECF No. 5-2 at 2). It is unclear whether it was issued prior to his arrest, but this Court concludes that is irrelevant now because "[f]ollowing the signing of the warrant for arrest, Petitioner's detention has been pursuant to the warrant, and he is currently in custody pursuant to § 1226(a)." *Cocha Cocha v. Tsoukaris*, No. 26-cv-9857, 2026 WL 2806733, at *2

(D.N.J. Sept. 18, 2026); *see also Par v. Jamison*, No. 26-cv-3504, 2026 WL 1603299 at * 3-4 (E.D. Pa. June 4, 2026) (denying petitioner's challenge to a warrantless arrest, when Petitioner was subsequently lawfully detained under 8 U.S.C. § 1231); *Fernando C.C. v. Bondi*, No. 26-cv-1235, 2026 WL 446408 at * 5 (D. Minn. Feb. 17, 2026) (finding because a warrant was issued within hours of petitioner's arrest, that warrant "authorized [petitioner's] continued detention pursuant to the discretionary detention framework of Section 1226(a)").

12. This Court finds Petitioner is not entitled to release based on the alleged warrantless arrest.

13. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

14. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

15. There appears to be a discrepancy as to whether Petitioner requested a bond hearing. On the Notice of Custody Determination form, the box for "I **do** request an immigration judge review this custody determination" has been checked. (ECF No. 5-3 at 2 (emphasis in original)).

16. However, another page has the "I decline to make an election at this time" box checked in response to the notice that Petitioner is subject to discretionary detention. (*Id.* at 4).

17. Petitioner refused to sign either page.

18. Respondents' answer also contains contradictory information as to whether Petitioner requested a hearing. (*See* ECF No. 5 at 1 ("Petitioner requested immigration judge review of ICE's custody determination."); *id.* at 2 ("Petitioner has not sought a bond hearing and instead requests that the Court order his immediate release.")).

19. Although this Court concludes that release is not an appropriate remedy, it will err on the side of caution and grant the Petition to the extent that a bond hearing must be scheduled.

20. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 5, 2026